# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No.: 18-CV-2788

MARCIA BUNCH, an individual,

       Plaintiff,

v.

DIVERSIFIED CONSULTANTS, INC., a Florida corporation,

       Defendant.

## COMPLAINT

### INTRODUCTION

1. This is an action for statutory damages brought by Marcia Bunch (the "**Plaintiff**"), an individual consumer, against Diversified Consultants, Inc., a Florida corporation (the "**Debt Collector**"), for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter, "**FDCPA**"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### JURISDICTION

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the claim occurred in this District.

**PARTIES**

4. Plaintiff is an individual who resides in the County of Jefferson, State of Colorado.

5. Plaintiff is a "consumer", as that term is defined by 15 U.S.C. § 1692a(3).

6. The Debt Collector is a corporation that does business in the State of Colorado.

7. The Debt Collector has a place of business at 7200 S. Alton Way, Suite B180, Centennial, Colorado 80112.

8. The Debt Collector has a registered agent in this state at 36 South 18th Avenue, Suite D, Brighton, CO 80601.

9. The Debt Collector regularly attempts to collect debts from consumers alleged to be due another.

10. The Debt Collector is engaged in the collection of debts from consumers using the mail and telephone.

11. The Debt Collector is engaged in a business, the principal purpose of which is the collection of debts.

12. The Debt Collector is a "debt collector", as that term is defined by 15 U.S.C. § 1692a(6).

**FACTS**

13. On or about July 18, 2018, the Debt Collector sent a dunning letter to Plaintiff to collect a defaulted Comcast residential account (the "**Debt**").

14. The Debt is an obligation that was incurred primarily for personal, family, or household purposes.

15. The Debt is a "debt", as that term is defined by 15 U.S.C. § 1692(a)(5).

16. Plaintiff did not ever have a Comcast account and has not ever owed the Debt.

17. On August 14, 2018, Plaintiff sent a letter notifying the Debt Collector that she disputed the Debt.

18. On August 23, 2018, the Debt Collector responded and allegedly verified the Debt.

19. The Debt Collector's verification confirmed that Plaintiff did not owe the Debt.

20. Nevertheless, the Debt Collector alleged that the amount owed by Plaintiff was valid.

21. After receiving the verification, the Debt Collector caused, directly or indirectly, the Debt to be assigned to another debt collector.

22. On information and belief, when the Debt Collector caused, directly or indirectly, the Debt to be assigned to another debt collector, the Debt Collector did not communicate that Plaintiff had disputed the Debt.

## COUNT I
### (Violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*)

23. Plaintiff incorporates by reference all of the foregoing allegations as though fully set forth herein.

24. At all times material hereto, Plaintiff was a "consumer", as that term is defined under 15 U.S.C. § 1692a(3).

25. At all times material hereto, the balance that the Debt Collector was attempting to collect was a "debt", as that term is defined under 15 U.S.C. § 1692a(5).

26. At all times material hereto, the Debt Collector was a "debt collector", as that term is defined under 15 U.S.C. § 1692a(6).

27. The FDCPA prohibits a debt collector from communicating with any person other than the consumer in connection with the collection of a debt.  15 U.S.C. § 1692c(b).

28.     The Debt Collector violated 15 U.S.C. § 1692c(b) by communicating with Plaintiff in connection with the collection of the Debt, which she did not owe.

29.     The FDCPA prohibits debt collectors from using false, deceptive, or misleading representations or means in connection with the collection of any debt, including, but not limited to, false representations as to the character, amount, or legal status of any debt.  15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10).

30.     The Debt Collector violated 15 U.S.C. §§ 1692e, 1692e(2)(A), and 1692e(10) by falsely representing that Plaintiff is liable for the Debt.

31.     The FDCPA requires debt collectors to disclose that a debt is disputed when communicating credit information to any person.  15 U.S.C. § 1692e(8).

32.     The Debt Collector violated 15 U.S.C. § 1692e(8) by failing to disclose that the Debt is disputed when communicating credit information to the original creditor and/or the subsequent debt collector.

33.     The FDCPA requires the Debt Collector to verify a debt if requested within thirty days of the debt collectors initial communication with the consumer.  15 U.S.C. § 1692g(a).

34.     The Debt Collector violated 15 U.S.C. § 1692g(a) by incorrectly verifying the Debt.

35.     The foregoing acts and omissions of the Debt Collector constitute numerous and multiple violations of the FDCPA.

36.     Plaintiff is entitled to damages in an amount to be determined at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Marcia Bunch prays for relief and judgment against the Debt Collector, as follows:

1.      Awarding Plaintiff statutory damages, pursuant to 15 U.S.C. § 1692k, in the amount of $1,000.00;

2.      Awarding Plaintiff reasonable attorney fees and costs incurred in this action;

3.      Awarding Plaintiff pre-judgment and post-judgment interest as may be allowed under the law; and

4.      Awarding such other and further relief as the Court may deem just and proper.

## **TRIAL BY JURY**

Plaintiff is entitled to and hereby demands a trial by jury.

Dated: October 31, 2018

Respectfully submitted,

/s/ Daniel J. Vedra
Daniel J. Vedra
Katherine Russell
Vedra Law LLC
1435 Larimer St. Suite 302
Denver, CO 80202
Phone: (303) 937-6540
Fax: (303) 937-6547
Email: dan@vedralaw.com
Email: kate@vedralaw.com